IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| JOHN DOE 1 and JOHN DOE 2 | : | Case No. _____ |
| c/o Kinsley Law Office | | |
| Post Office Box 19478 | : | |
| Cincinnati, OH 45219, | | |
| | : | |
| And all others similarly situated, | | |
| | : | |
|     Plaintiffs, | | |
| | : | |
| V. | | |
| | : | **CLASS ACTION COMPLAINT** |
| CITY OF CINCINNATI | | **FOR DECLARATORY,** |
| 801 Plum Street | : | **MONETARY, AND INJUNCTIVE** |
| Cincinnati, Ohio 45202, | | **RELIEF** |
| | : | |
| BRIAN SHRIVE | | |
| Finney Law Firm | : | |
| 1077 Celestial, Suite 10 | | |
| Cincinnati, OH 45202, | : | |
| | | |
|     and | : | |
| | | |
| BINARY INTELLIGENCE, LLC | : | |
| 150 Industrial Drive | | |
| Franklin, OH 45005, | : | |
| | | |
|     Defendants. | : | |

_____

## INTRODUCTION

1.      This is a class action suit pursuant to 42 U.S.C. § 1983 challenging the actions of the

City of Cincinnati in creating, maintaining, and releasing to the public digital copies of over nine

months of communication, data, images, and other information stored in five city council members'

cell phones.  During a very heated and public battle over the nature of text messages exchanged by

the five city council members on their cell phones, the City contracted with a digital forensics company, Binary Intelligence, to create mirror images of the council members' phones. Those mirror images include private and constitutionally-protected communication between the council members and a whole host of non-governmental individuals – including family members, children, friends, neighbors, doctors, attorneys, teachers, political associates, babysitters, coaches, and acquaintances – including John Doe 1 and John Doe 2. In blatant disregard for the First Amendment, Fourth Amendment, Fourteenth Amendment, privacy, and related state rights of these individuals, the City has not only maintained these mirror images in its law department, but has also, upon reasonable belief, disseminated their communication to Attorney Brian Shrive through the public records request process. The City took all of these actions without providing notice to John Doe 1, John Doe 2, and anyone else whose communication was being collected and stored and without providing a process for these individuals to be heard.

2. John Doe 1 and John Doe 2 bring this action on their own behalf, as well as on behalf of all individuals whose communication with the five city council members was seized, stored, and disseminated without their consent. They seek a declaration that the City's actions in creating and maintaining digital copies of the council members' private cell phones violated these private individuals' rights of free speech, free association, substantive due process, procedural due process, and right to be free from unreasonable searches and seizures, as well as other state statutory rights. They also seek class-wide injunctive relief, prohibiting the City, Binary Intelligence, and Shrive from possessing, reviewing, and disseminating their private communication. Lastly, they seek nominal monetary damages from the City for violation of their constitutional civil rights and an award of reasonable attorney fees under 42 U.S.C. § 1988.

## JURISDICTION

3. Jurisdiction over Plaintiffs' claims for declaratory and injunctive relief is proper in this Court pursuant to 28 U.S.C. §§ 1331(a), 1343(3), and 1343(4).

4. This Court has supplemental and pendent jurisdiction pursuant to 28 U.S.C. § 1367 to review and decide Plaintiff's state law claims.

5. Venue is proper in this district and division pursuant to S.D. Ohio Local Rule 82.1, as the various acts which form the basis of this complaint occurred within Hamilton County, Ohio.

## PARTIES

6. Plaintiff John Doe 1 is a resident of Hamilton County, Ohio. He communicates with various members of the Cincinnati City Council from time to time on matters of political and social concern, including matters of campaign strategy and Democratic party politics. He also communicates with council members on a purely friendly basis about personal matters outside the scope of the political process. He communicates with at least one council member using the council member's private cell phone, which is paid for and maintained exclusively by the council member and not the City. Upon information and belief, John Doe 1's communication with the council member, which includes constitutionally-protected political and campaign expression as well as private personal expression, was downloaded by the City of Cincinnati, is currently maintained by the City of Cincinnati outside the control of the council member, and was potentially released by the City to Mr. Shrive. In addition, upon information and belief, John Doe 1's communication with the council member was also downloaded by and remains in the possession of Binary Intelligence.

7. Plaintiff John Doe 2 is a resident of Hamilton County, Ohio. He communicates with various members of the Cincinnati City Council from time to time on matters of political and social

concern, including matters of campaign strategy and Democratic party politics. He also communicates with council members on a purely friendly basis about matters outside the scope of the political process. He communicates with at least one council member using the council member's private cell phone, which is paid for and maintained exclusively by the council member and not the City. Upon information and belief, John Doe 2's communication with the council member, which includes constitutionally-protected political and campaign expression as well as private personal expression, was downloaded by the City of Cincinnati, is currently maintained by the City of Cincinnati outside the control of the council member, and was potentially released by the City to Mr. Shrive. In addition, upon information and belief, John Doe 2's communication with the council member was also downloaded by and remains in the possession of Binary Intelligence.

8. Defendant City of Cincinnati ("the City") is a unit of local government organized under the laws of the State of Ohio. The City is a "person" capable of being sued under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

9. Defendant Brian Shrive is an attorney licensed to practice law in the State of Ohio. He is employed by the Finney Law Firm, which maintains offices in Cincinnati, Ohio. Mr. Shrive practices public records law, among other governmental law matters. He is sued for injunctive relief only.

10. Defendant Binary Intelligence, LLC is an Ohio limited liability company with its principal place of business in Franklin, Ohio. Binary Intelligence is sued for injunctive relief only.

**CLASS ACTION**

11. Plaintiffs John Doe 1 and John Doe 2 bring this action on behalf of themselves and all others similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class

consists of all nongovernmental individuals whose communication was copied and is currently maintained by the City as a result of its creation of digital mirror images of the five council members' private cell phones.

12. The members of the class are so numerous that joinder of all members is impractical. There exist hundreds of individuals whose communication is presently in the possession of the City.

13. There are questions of law and fact common to the members of the Plaintiff class regarding the constitutionality of the City's action, including, but not limited to, whether the City violated and continues to violate the First, Fourth, and Fourteenth Amendments by seizing, reviewing, possessing, and disseminating Plaintiffs' private communication.

14. The named Plaintiffs in this action, John Doe 1 and John Doe 2, will fairly and adequately protect the interests of the members of the class.

15. Lead counsel for the Plaintiff class is a tenured law professor and experienced civil rights attorney who has decades of experience representing plaintiffs in civil rights and constitutional law cases and who has previously served as class counsel in civil rights cases before this Court.

16. The Plaintiff class is properly maintainable under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all private individuals whose communication was seized, stored, and/or disseminated, thereby making appropriate final injunctive relief and declaratory relief with respect to this class as a whole.

## STATEMENT OF FACTS

17. On April 9, 2018, Attorney Brian Shrive filed a state court lawsuit against the City of Cincinnati and five city council members alleging, in essence, that the council members violated the

Ohio Open Meetings Act by conducting city business via a group text message chain. *See State ex rel. Miller v. Sittenfeld*, Ham. Cty. Com. Pl. No. A1801834.

18. After the lawsuit was filed, the City instructed the five council members to provide their cell phones to an outside digital forensics firm, Binary Intelligence, for copying. These cell phones were all the private property of the council members and were not provided to them by the City. The council members all purchased their cell phones out of their own pockets and paid for their monthly cell plans on their own not using any City funds.

19. Acting upon advice from their attorneys, the council members provided their cell phones to Binary Intelligence, which created full digital copies of all of the content on the phones for the period from January 1, 2018 to October 23, 2018.

20. Binary Intelligence downloaded all of the content from the council members' phones, including all of their text messages, emails, social media content, pictures, voicemails, call logs, contacts, and apps for the period from January 1, 2018 to October 23, 2018.

21. Upon information and belief, Binary Intelligence provided the City law department with a digital copy of the cell phone downloads, but did not provide the council members themselves with copies of the content from their private cell phones. As a result, the council members do not have specific knowledge as to what content was taken from their phones.

22. Upon information and belief, the City law department maintains the digital copy of the council members' private cell phones.

23. As part of the state court lawsuit, the City was instructed to provide text messages and emails to Mr. Shrive that were between the council members, but not other private people. The City in fact provided those messages.

24. After the state court lawsuit was resolved, Mr. Shrive issued a new public records request to the City seeking additional content from the council members' phones. This new, expanded request included communication from a whole host of private individuals to and with the council members and was not limited to communication about City business. Ironically, Mr. Shrive's public records request was for the exact dates of the content downloaded by Binary Intelligence: January 1, 2018 through October 23, 2018.

25. Upon information and belief, the City law department reviewed the contents of the cell phones provided to it by Binary Intelligence. This review included text messages and emails sent to and by the council members on topics having nothing to do with City business.

26. Upon information and belief, the City law department provided text messages, emails, social media messages, and other communication to Mr. Shrive in response to his public records request that included John Doe 1, John Doe 2, and other private individuals' private communication. No one from the City sought John Doe 1 or John Doe 2's consent before providing their private communication to Mr. Shrive, nor did the City even provide notice to the John Does that it was in possession of their communication.

27. Upon information and belief, Mr. Shrive remains in possession of this communication.

28. Upon information and belief, Binary Intelligence also remains in possession of this communication.

29. John Doe 1 and John Doe 2 both communicated with council members during that time period about a range of topics having nothing to do with official City business. These topics included purely social and friendly matters like parties, sporting events, and neighborhood

gatherings; matters of campaign strategy and political organizing protected by the First Amendment right of association; and political commentary about other governmental entities and officials outside the City of Cincinnati.

30. John Doe 1 and John Doe 2 communicated with the council members using the council members' private cell phone numbers, private email accounts, and private, nongovernmental social media accounts. There was nothing about the manner in which John Doe 1 and John Doe 2 communicated that would have suggested to them or to anyone else that they were creating a public record subject to seizure, review, and dissemination to the public by the City.

31. Upon information and belief, hundreds of individuals' private communication with the council members remains in the possession of the City. These people include doctors, lawyers, teachers, spouses, parents, children, family members, neighbors, friends, and members of the community at large, all of whom communicated with the council members not in their capacity as government officials, but in their capacity as private citizens.

32. The City had no probable cause to believe that John Doe 1, John Doe 2, and the class's communication with the council members constituted a crime or was evidence of any crime. As such, the City had no basis for seizing the communication and has no basis for continuing to maintain and review it.

33. The fact that the City created and maintains digital copies of the council members' phones is a matter of public record in the state court lawsuit. As a result, the City is likely to face additional public records requests for disclosure of communication from the phones, and each time they do so they will review the private communication of John Doe 1, John Doe 2, and the class to respond to the public records request. The invasion of the class privacy rights is therefore ongoing

and potentially limitless. So long as the City maintains the cell phone content, John Doe 1, John Doe 2, and the class is subject to privacy invasions and violations of their First, Fourth, and Fourteenth Amendment civil rights.

34. John Doe 1 and John Doe 2 are chilled in their ability to communicate with the council members and other public officials for fear that their private expression will be seized, cataloged, read, and released by the government.

## CAUSE OF ACTION

### Claim One:
### Violation of First Amendment Rights
### (against the City of Cincinnati)

35. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

36. Plaintiffs have a protected right to communicate anonymously, to communicate privately, and to form political associations without interference by the government. These rights are protected by the First Amendment free expression and free association provisions.

37. The City of Cincinnati, acting in concert with Mr. Shrive and Binary Intelligence, have violated Plaintiffs' First Amendment rights by collecting their private communication without cause or suspicion, maintaining their communication in the possession of the City law department, reviewing their communication without consent, and spying on their political associations, all without so much as providing notice or an opportunity to be heard.

38. To remedy these First Amendment violations, Plaintiffs seek monetary damages for this ongoing violation of their First Amendment rights, a declaration of unconstitutionality, and injunctive relief prohibiting the City of Cincinnati, Mr. Shrive, and Binary Intelligence from maintaining Plaintiffs' private communication.

### Claim Two:
### Violation of Fourth Amendment Rights
### (against the City of Cincinnati)

39. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

40. The Fourth Amendment protects individuals from warrantless searches and seizures by the government that are not supported by probable cause.

41. Here, the City of Cincinnati seized Plaintiffs' private communication without probable cause to believe that communication was evidence of or connected to a crime. Even if the council members violated the law by meeting outside the constraints of the Open Meetings Act or by negligently deleting or destroying their communication with other council members, those activities by necessity do not and did not involve private citizens like Plaintiffs.

42. The City's ongoing possession of Plaintiffs' communication constitutes a daily, renewing violation of Plaintiffs' Fourth Amendment rights.

43. To remedy these Fourth Amendment violations, Plaintiffs seek monetary damages for this ongoing violation of their Fourth Amendment rights, a declaration of unconstitutionality, and injunctive relief prohibiting the City of Cincinnati from maintaining Plaintiffs' private communication.

### Claim Three:
### Violation of Fourteenth Amendment Rights
### (against the City of Cincinnati)

44. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

45. Plaintiffs maintain a property interest in their private communication.

46. The City collected, copied, maintained, reviewed, and provided to the public Plaintiffs' private communication without providing notice to Plaintiffs or an opportunity to be

10

heard. The City in essence made decisions about Plaintiffs' protected expression without even so much as consulting with Plaintiffs, much less providing them an opportunity to object, to seek legal counsel, or to participate in the public records process.

47. The City's actions violate Plaintiffs' procedural due process rights.

48. In addition, the Fourteenth Amendment protects Plaintiffs' substantive due process rights, including the right of privacy and autonomy. Plaintiffs have a protected substantive due process rights in forming private relationships and in communicating privately within those relationships.

49. The City's actions violate Plaintiffs' substantive due process rights.

50. To remedy these Fourteenth Amendment violations, Plaintiffs seek monetary damages for this ongoing violation of their Fourteenth Amendment rights, a declaration of unconstitutionality, and injunctive relief prohibiting the City of Cincinnati from maintaining Plaintiffs' private communication.

**Claim Four:**
**Violation of the Ohio Constitution**
**(against the City of Cincinnati)**

51. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

52. Plaintiffs plead each of the foregoing violations of the federal constitutional rights under the analogous provisions of the Ohio Constitution.

**Claim Five:**
**Invasion of Privacy**
**(against all Defendants)**

53. Plaintiffs reallege each of the foregoing paragraphs as if fully rewritten here.

54. Defendants are in possession of private communication and information about and belonging to Plaintiffs. This information relates entirely to Plaintiffs' private lives, including their political associations, their friendships and relationships, their attitudes and beliefs, and their private activities.

55. Defendants disclosed this information publicly to their agents, employees, officials, and to one another. Upon information and belief, Defendant Shrive disclosed this information to members of the news media.

56. The seizure, downloading, review, recording, possession, and public dissemination of Plaintiffs' private information by the government and its cohorts would shock the sensibilities of and would be highly objectionable to the average person.

57. The public dissemination of Plaintiffs' private information was intentional, not accidental.

58. Plaintiffs' private communication is not a matter of legitimate public concern.

59. To remedy the invasion of their privacy, Plaintiffs seek monetary damages and injunctive relief prohibiting all Defendants from disseminating Plaintiffs' private communication.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that on their behalf and on the behalf of all others they seek to represent, that this Court:

1. Permit Plaintiffs to proceed in this action in pseudonym in order to protect their privacy and anonymity;

2. Determine by order, pursuant to Rule 23(b)(2) and (c)(1) of the Federal Rules of Civil Procedure, that this action be maintained as a class action on behalf of the class defined herein;

3. Enter a final judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 54, 57, and 58 of the Federal Rules of Civil Procedure that Defendants' actions in seizing Plaintiffs' private communication, creating digital copies of that communication, maintaining those copies, reviewing those copies, and disseminating portions if not all of those copies pursuant to public records requests violates the First, Fourth, and Fourteenth Amendments of the United States Constitution and related provisions of the Ohio Constitution and constitute an invasion of privacy under Ohio law;

4. Preliminarily and permanently enjoin Defendants from maintaining, reviewing, and/or disseminating Plaintiffs' private communication;

5. Order monetary damages for violations of Plaintiffs' civil rights;

6. Award Plaintiffs' reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988; and

7. Grant such other relief to Plaintiffs and all others similarly situated as the Court deems to be just, proper, and equitable.

Respectfully submitted,

/s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY (Ohio Bar No. 0071629)
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

Counsel for Plaintiffs John Doe 1 and John Doe 2