UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Doe, *et al.*,

    Plaintiffs,

        v.                                  Case No.  1:19cv475

City of Cincinnati, *et al.*,                   Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' Motion for Partial Summary Judgment (Doc. 35).  The City has filed a Response in Opposition.  (Doc. 36).

**I.    BACKGROUND**

For purposes of the summary judgment motion, the facts are not in dispute.  This case arises out of an open meetings lawsuit filed against the City.  As part of the lawsuit, the private cell phones of City of Cincinnati councilmembers were copied by a firm called Binary Intelligence.  The City then produced certain text messages from the copies of the cell phones.  The City has retained the copies of the cell phones.  Plaintiffs John Doe and Jane Doe claim the cell phones contain their private information and communications.  Plaintiffs maintain that these texts, emails, and images are not public records and their disclosure violates their constitutional rights.

Plaintiffs now seek summary judgment on Claim One, based on their First Amendment free speech rights, and Claim Three, based on their constitutional right of privacy.  Plaintiffs also seek permanent injunctive relief barring the City from disclosing Plaintiffs' constitutionally-protected communication as a public record.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of showing an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B. First Amendment

The Supreme Court has explained that it has been "long understood as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984); *see also Buckley v. Valeo*, 424 U.S. 1, 15, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (per curiam) ("The First Amendment protects political association as well as political expression.").

While there is no dispute that Plaintiffs possess the right of association for the purpose of engaging in political activity, it is not clear whether the First Amendment protects their right to do so anonymously. The Sixth Circuit has upheld a requirement in a city charter that contributors to local political campaigns publicly disclose their home addresses. *Frank v. City of Akron*, 290 F.3d 813, 819 (6th Cir. 2002). The Sixth Circuit

held that the disclosure requirement did not violate the First Amendment. *Id.* The Sixth Circuit found that the requirement did not unduly burden the contributors' right to association because the requirement served a significant governmental interest of providing an accountability mechanism to track campaign donors and safeguard against corruption. *Id.*

Here, the City argues that any burden on Plaintiffs' right of association is outweighed by the government's interest in transparency mandated by the Ohio sunshine laws.

"Ohio's 'Sunshine Law,' R.C. 121.22, requires that public officials, when meeting to consider official business, conduct those meetings in public." *TBC Westlake, Inc. v. Hamilton Cty. Bd. of Revision*, 81 Ohio St. 3d 58, 61, 689 N.E.2d 32, 34–35 (Ohio 1998) (quoting *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 542, 668 N.E.2d 903, 905 (Ohio 1996)). Plaintiffs have not articulated a basis for this Court to find that the governmental interest served by Ohio's Sunshine Law outweighs Plaintiffs' right of association in this instance. Therefore, Plaintiffs are not entitled to summary judgment on Claim One, based on their First Amendment free speech rights.

### C. Right of Privacy

"It is firmly established that individuals have a constitutionally protected right to privacy." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987) (citing *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965)).

While a constitutional right to nondisclosure of certain types of private information exists, not all disclosures of private information will trigger constitutional protection. *Bloch*

*v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998).  The Sixth Circuit has set forth the following two-step process for analyzing informational right-to-privacy claims: "(1) the interest at stake must implicate either a fundamental right or one implicit in the concept of ordered liberty; and (2) the government's interest in disseminating the information must be balanced against the individual's interest in keeping the information private."  *Id.* (citing *J.P. v. DeSanti,* 653 F.2d 1080, 1090 (6th Cir. 1981)).[1]

In this instance, it would appear that the privacy interest at stake and the government's interest are not at odds.  The City agrees that the cell phones do contain private, protected information which should never be subject to public records disclosure. (Doc 36, PAGEID # 425).  *Accord State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 396, 894 N.E.2d 686, 691 (Ohio 2008) (state representative's text messages which did not "document work-related matters" were not public records subject to disclosure under the Ohio's Public Records Act).  To the extent that Plaintiffs claim that the release of private, protected information violates their constitutional right of privacy, Plaintiffs are entitled to summary judgment on Claim Three of their Complaint.

Plaintiffs seek a permanent injunction barring the City from disclosing Plaintiffs' constitutionally-protected communication as a public record.  While Plaintiffs may not be entitled to injunctive relief setting forth a blanket prohibition against the future release of private, protected information, the procedural component of the Fourteenth Amendment's Due Process Clause at a minimum requires that the City notify Plaintiffs of a request for

---

[1] The Sixth Circuit has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature. *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).  Based on Plaintiff's description of the information contained on the cell phones, Plaintiffs would have an informational-privacy interest which falls into the second category.

4

the information prior to its so that they may have the opportunity to invoke their constitutionally protected rights to privacy.  *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998).

Accordingly, the City is hereby enjoined from releasing the private, non-City communications of any person without the consent of the City Councilmembers with whom he or she communicated.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Partial Summary Judgment (Doc. 35) is **GRANTED in PART and DENIED in PART**.  As a result of this ruling, Plaintiffs' Motion for Temporary Restraining Order (Doc. 6); the Joint Motion of City of Cincinnati and Brian Shrive to Direct Plaintiffs to Reveal the Identities of Plaintiffs John Doe 1 and John Doe 2 (Doc. 7); and the City's Motion to Dismiss (Doc. 24) are **DENIED as MOOT**.

**IT IS SO ORDERED.**

        */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge